IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-72,865-02






EX PARTE MATHEW LLOYD PATTERSON, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 54,899 IN THE 239TH JUDICIAL DISTRICT COURT


FROM BRAZORIA COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of two counts of
intoxication manslaughter and one count of intoxication assault, and sentenced to two
years'imprisonment for each count of intoxication manslaughter, to run consecutively with each
other, and ten years' probation for the intoxication assault, to run concurrently with the prison
sentences. Applicant filed notice of appeal, but then later withdrew the appeal. Patterson v. State,
No. 01-08-00987-CR (Tex. App. - Houston [1st Dist.] January 15, 2009). This Court denied and
dismissed Applicant's first writ of habeas corpus on November 4, 2009.

 In this writ application, Applicant contends that his appellate counsel rendered ineffective
assistance because appellate counsel advised him to withdraw his direct appeal. Applicant alleges
that he wanted to challenge the trial court's ruling regarding admissibility of blood evidence on direct
appeal, but that appellate counsel advised him that he could raise the claim by way of post conviction
habeas corpus, and would not risk being re-tried and given a harsher sentence if he obtained relief
by way of habeas corpus. Applicant alleges that he would not have withdrawn his direct appeal but
for appellate counsel's incorrect advice. Applicant also alleges that he did not know that his
challenge to the trial court's evidentiary ruling was waived by failure to raise it on direct appeal until
this Court denied his first writ application. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall provide applicant's appellate counsel with the opportunity to respond to applicant's claim of
ineffective assistance of counsel. The trial court may use any means set out in Tex. Code Crim.
Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. 
Id.

 If the trial court elects to hold a hearing, it shall determine whether applicant is indigent. If
applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney
to represent applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether appellate counsel advised Applicant
to withdraw his notice of appeal, and if so, why appellate counsel advised Applicant to do so. The
trial court shall make findings as to whether appellate counsel advised Applicant that he could raise
his challenge to the trial court's evidentiary ruling by way of habeas corpus, and if so, whether he
advised Applicant that he would not be subject to retrial if he obtained relief by way of habeas
corpus. The trial court shall make findings as to whether the performance of Applicant's appellate
attorney was deficient and, if so, whether counsel's deficient performance prejudiced applicant. The
trial court shall also make any other findings of fact and conclusions of law that it deems relevant
and appropriate to the disposition of applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: June 9, 2010

Do not publish